UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL HUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17CV008 ERW |
| | ) | |
| JAMES HURLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant, James Hurley, Terri Chenoweth, Daniel Wombles, Roxane Speagle, Timothy Wood, and Ronald Crum's Motion for Summary Judgement [30] and Plaintiff Daniel Human's Motion to Compel Defendants to Produce Documents [26].

**I.    BACKGROUND**

Plaintiff Daniel Human ("Plaintiff") initiated this lawsuit by filing a complaint on February 10, 2017 [1]. In this Complaint, Plaintiff asserts two counts against Defendants James Hurley ("Hurley"), Terri Chenoweth ("Chenoweth"), Daniel Wombles ("Wombles"), Roxane Speagle ("Speagle"), Timothy Wood ("Wood"), and Ronald Crum ("Crum"). In Count I, Plaintiff alleges Defendants intended to cause him physical and emotional pain and distress with malicious and cruel acts which deprived him of his constitutional rights to be secure in his person and free from the imposition of "cruel and unusual punishment." In Count II, Plaintiff alleges Defendants, individually and in tandem with each other, meant to harm him with conscious disregard of his constitutional right to have his medical restrictions observed and with the intent to deprive Plaintiff of his constitutional right to adequate medical treatment for known risks to

1

his health.

On November 27, 2017, Defendants Hurley, Chenoweth, Wombles, Speagle, Wood, and Crum filed this Motion for Summary Judgment [ECF No.30]. Defendants seek summary judgment on both counts of Plaintiff's Complaint on the basis Plaintiff had not exhausted his administrative remedies with regard to any of his complaints in violation of the Prison Litigation Reform Act and Plaintiff cannot prove a genuine issue of material fact supporting any constitutional violation. Alternatively, Defendants rely on qualified immunity to prevail in this action.

### A. *Uncontroverted Facts*

Plaintiff has been an inmate at Northeast Correctional Center ("NECC") in Bowling Green, Missouri since November 12, 2013. On March 13, 2014, Plaintiff was assigned to work on the "Captain's Crew" ("Crew"). On April 11, 2014, Dr. Deborah Harrell, APRN FNP-C, examined Plaintiff and issued work restrictions stating Plaintiff was restricted from "repetitive bending, stooping, or squatting" for work assignments. On April 26, 2014, when Plaintiff reported to the Crew and showed Defendant Chenoweth and Wombles his medical restriction, both of them told him to go to work.

Before filing a prior complaint in case number 2:14CV00073, on April 30, 2014, Plaintiff filed an Informal Resolution Request ("IRR") form asserting working on the Crew violated his medical restrictions. Prison officials did not respond to Plaintiff's IRR within forty days and the form was marked "exceeding time limit" and "grievance given 6-23-14" according to the Missouri Department of Corrections ("MDOC") offender grievance procedure. On June 24, 2014, Plaintiff filed an Offender Grievance regarding the Crew work.

On July 22, 2014, the Warden's office denied Plaintiff's Offender Grievance, because an

investigation showed Plaintiff was told to work within those restrictions, and was told he could clean tables and benches. On August 23, 2014, prison authorities denied Plaintiff's appeal of the Offender's Grievance.

In December 2014, Plaintiff requested a cell move. Defendant Wood moved Plaintiff from a cell in 4 House to a cell in 5 House containing two offenders who smoke, which allegedly bothered Plaintiff's allergies. On December 11, 2014, Plaintiff filed an Offender Grievance Appeal, marked "Reprisal," regarding the cell move. In January 2015, the Reprisal Offender Grievance Appeal was denied because no evidence of reprisal was found. The appeal was returned to Plaintiff and a normal grievance process was suggested to Plaintiff, according to MDOC Offender Grievance Procedure. A normal grievance process begins by filing an IRR but Plaintiff did not file any IRR regarding a retaliatory cell move.

In February 2015, Defendant Crum, a sergeant currently in charge of Plaintiff's housing unit, assigned Plaintiff to clean showers which required Plaintiff to climb stairs. On February 13, 2015, Plaintiff filed an IRR stating the shower cleaning work violates his medical work restrictions. The IRR was denied on the basis his job duties were within his medical restrictions. On March 5, 2015, Plaintiff filed an Offender Grievance regarding the shower cleaning. On March 9, 2015, Hurley informed Plaintiff, Crum was aware of his medical restrictions in his Warden's response to Plaintiff's Offender Grievance. On March 27, 2015, Plaintiff filed an Offender Grievance Appeal regarding cleaning the showers on the second floor. On May 27, 2015, prison officials denied the appeal.

In May 2015, Crum assigned Plaintiff to front yard mow crew. Plaintiff did not push a lawn mower. Plaintiff did not file an IRR grieving an assignment to push a reel lawnmower.

3

### B. Procedural History

Plaintiff filed his initial complaint on July 3, 2014, in case number 2:14CV00073. Plaintiff asserted Defendants deprived him of his constitutional rights to be secure in his person and free from the imposition of cruel and unusual punishment. Plaintiff also asserted Defendants deprived him of his constitutional right to adequate medical treatment for known risks to his health. On September 2, 2015, this Court granted, in part and denied, in part Defendants' motion to dismiss. Plaintiff's claims against Defendant Timothy Truelove were dismissed without prejudice.

On February 3, 2016, Plaintiff filed his second amended complaint, in case number 2:14CV00073, alleging his work on the Crew violated his medical restrictions. This Court on December 6, 2016, granted a motion for summary judgment against Plaintiff and for Defendant Hurley, Chenoweth, Wombles, Speagle, Wood, and Crum without prejudice, concluding Plaintiff had failed to exhaust his administrative remedies before filing suit.

This case was filed on February 10, 2017, asserting two counts against Defendants Hurley, Chenoweth, Wombles, Speagle, Wood, and Crum. This matter before the Court is for Defendants' motion for Summary Judgment and Plaintiff's Motion to Compel Defendants to Produce Documents.

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.*, Inc., 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. Anderson, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.,* 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual

issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." Id. The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III.  MOTION FOR SUMMARY JUDGMENT

Plaintiff, in both Count I and Count II, asserts claims under 42 U.S.C. § 1983, claiming Defendants violated Plaintiff's constitutional rights under the Eighth Amendment. Defendants assert Plaintiff's § 1983 claims against them fail because he did not exhaust his administrative remedies before filing suit and Defendants are entitled to summary judgment.

*A. Plaintiff failed to exhaust his administrative remedies with respect to three of his claims.*

An inmate's § 1983 claim with respect to prison conditions may only proceed if the inmate has first exhausted all of his available intra-prison administrative remedies under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a); *Jones v. Bock,* 549 U.S. 199, 211 (2007); *Leach v. Moore,* 240 Fed. Appx. 732, 733 (8th Cir. 2007) (per curiam). The "failure to exhaust is an affirmative defense under the PLRA" *Jones,* 549 U.S. at 216. Further, "inmates are not required to specially plead or demonstrate exhaustion in their complaints" *Id*. Instead, "the defendant has the burden to plead and to prove" a failure to exhaust. *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (citation omitted). Therefore, Defendants bear the burden to plead and to prove Plaintiff did not follow all of the steps in the MDOC grievance

procedure before he filed suit in this Court on February 10, 2017. See *Johnson v. Jones*, 340 F.3d 624,627 (8th Cir. 2015).

If an inmate has filed some grievance documents but has not followed all policies of the prison's administrative grievance process, the court must dismiss the inmate's claim. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). In order for a Missouri prisoner to satisfy this exhaustion requirement, he must avail himself of the administrative grievance process established by the MDOC:

> To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. ***Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted*** (emphasis added).

*Wewerka v. Roper*, No. 4:09CV1973 CDP, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010) (emphasis added); *see also Taylor v. Phillips*, No. 1:11-CV-173 SNLJ, 2014 WL 4261099, at *4 (E.D. Mo. Aug. 28, 2014); *Perry v. Figge*, No.4:13CV1883 RWS, 2014 WL 2818666, at *5 (E.D. Mo. June 23, 2014); *Adams v. Campbell*, No. 2:12CV24 HEA, 2013 WL 991615, at *1 (E.D. Mo. Mar. 13, 2013) *aff'd*, 594 F. Appx. 326 (8th Cir. 2015); *Witte v. Culton*, No.4:11CV02036 ERW, 2013 WL 639309, at *4 (E.D. Mo. Feb. 21, 2013); *Dykes v. Murphy*, No. 4:09CV1062 HEA, 2010 WL 2287496, at *4 (E.D. Mo. Jun. 3, 2010); *Hahn v. Armstrong*, No. 1:08CV0169 LMB, 2010 WL 575748, at *3 (E.D. Mo. Feb. 11, 2010).

Plaintiff has alleged four incidents violated his constitutional rights: (1) the Crew work; (2) the cell move; (3) the shower cleaning; and (4) the reel lawn mower assignment. For Plaintiff's Crew work incident, he received the decision of his Offender's Grievance Appeal on

7

August 23, 2014, before he filed suit on February 10, 2017. Thus, Plaintiff exhausted his administrative remedies for the Crew work incident, and he did so before the time of filing suit. Accordingly, Plaintiff met the exhaustion requirement under the PLRA, and his claims against Defendants for the Crew work incident will be further examined. See *Human v. Hurley,* No. 2:14CV00073 ERW, 2016 WL 7100561, at *5 (E.D. Mo. Dec. 6, 2016).

However, Plaintiff's § 1983 claims based on the other three incidents fail, because the incidents were not properly grieved before filing suit in this Court. The cell move incident fails because Plaintiff's "Reprisal Grievance Appeal" was denied and he did not subsequently follow the normal grievance process. The shower cleaning incident fails because the use of Plaintiff's cane was not raised in his IRR, and was only later raised in the process, in which the expanded grounds were not further addressed by the prison staff. The reel lawn mower incident fails because Plaintiff did not file any IRR to grieve the complaint.

  B. *Plaintiff has not shown Defendants violated his right to be free from deliberate indifference to serious medical needs.*

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Jones v. Minn. Dept. of Corrs.*, 512 F.3d 478, 482 (8th Cir.2008). "Deliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of [a] known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir.2005). "To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roe v. Crawford*, 514 F.3d 789, 798 (8th Cir. 2008) (quoting *Hartsfield v. Colburn*, 491 F.3d 394, 396–97 (8th Cir.2007)). A medical need is

"objectively serious" if it has either been diagnosed by a physician as requiring treatment or it is so obvious that even a "layperson would easily recognize the necessity for a doctor's attention." *Jones,* 512 F.3d at 481 (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir.1997)). To establish a constitutional violation, a plaintiff must prove more than gross negligence. *Id*. at 482. Rather, "a plaintiff must demonstrate the [defendant] actually knew of the risk and deliberately disregarded it." *Vaughn v. Greene Cnty., Ark*., 438 F.3d 845, 850 (8th Cir. 2006).

Defendants Chenoweth, Wombles, Speagle, and Wood maintain they are entitled to judgment as a matter of law because Plaintiff's Crew work did not exceed his medical restrictions. Indeed, Plaintiff admits he could do other work on the Crew without violating his medical restrictions. Further, there is no dispute plaintiff saw medical staff multiple times to review and adjust his medical restrictions. After Plaintiff complained scrubbing sidewalks had caused him medical problems, Wombles and Chenoweth directed Plaintiff to check in at the A-side yard until he could receive medical restrictions. Between April 3 and June 9, 2014, Plaintiff consulted medical staff at least ten times in which he received multiple types of restrictions. Plaintiff did not receive a "no work" restriction and therefore had to continue to work. Plaintiff was further provided an IRR to grieve his complaint and a job change request form by Speagle. Wood signed the job change request form. Defendants allowed for assessment for Plaintiff's medical restrictions, allowed him to grieve his complaints, and relied on the medical staff's assessment of the restrictions.

Viewing the record in the light most favorable to Plaintiff, the Court concludes there is no evidence Defendants Chenoweth, Wombles, Speagle, and Wood acted with deliberate indifference to Plaintiff's medical restrictions on his Crew work claim. Rather, the record indicates Defendants tried to accommodate Plaintiff's medical needs and abate the risk of harm

9

to Plaintiff. Thus, Plaintiff's assertions against these Defendants fail to amount to a violation of the Eighth Amendment.

Regarding Defendant Hurley, Plaintiff alleges he acted with deliberate indifference by failing to respond to Plaintiff's letter requesting he be re-assigned to work within his medical restrictions and by instructing the other Defendants to ignore Plaintiff's restrictions and continue to force Plaintiff to work in violation of them. However, in his letter addressing his medical restrictions, Plaintiff did not actually include a request to change his work assignment. Rather, Plaintiff merely stated he would be filing a grievance on the issue. When that grievance was filed, the complaint was investigated and the work duties assigned were within the medical restrictions. This Court will find Hurley is not personally liable for alleged medical staff's treatment violations. *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002). Further, there is no evidence Hurley attempted to interfere with Plaintiff's access to medical care, and Plaintiff cannot assert an adequate claim of deliberate indifference to Plaintiff's medical needs simply because Plaintiff was required to work on the Crew. Additionally, in his deposition, Plaintiff testified he only assumed Hurley told the other Defendants to ignore his medical restrictions, not that he knows he did. Thus, viewing the record in the light most favorable to Plaintiff, the Court concludes there is no evidence Hurley acted with deliberate indifference to Plaintiff's medical restrictions.

## IV. MOTION TO COMPEL

Plaintiff also has a pending Motion to Compel asking this Court compel Defendants "to produce those documents which Plaintiff requested pursuant to Fed. Rule 34." Because this Court is granting Defendants' Motion for Summary Judgment, Plaintiff's Motion to Compel [26] is moot. Therefore, it will be denied.

Accordingly,

**IT IS HEREBY ORDERED** the Defendants' Motion for Summary Judgment [30] is **GRANTED**. Plaintiff's Crew Work claim is dismissed **with PREJUDICE**.

All other claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** the Plaintiff's Motion to Compel [26] is **DENIED as moot**.

Dated this 28th Day of March, 2018.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE